UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NICHOLAS SCHNEIDER,<br>on behalf of himself and all<br>others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DeROSA CORPORATION, INC.,<br>a Foreign Corporation<br><br>Defendant. | CIVIL ACTION No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Nicholas Schneider, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through his counsel, Larry A. Johnson of Cross Law Firm, S.C., files this Complaint against Defendant DeRosa Corporation, Inc. ("DeRosa" or "Defendant") and seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, as well as for Defendant's violations of Wisconsin's state minimum wage and overtime laws pursuant to Sections 104.01 *et. seq.*, 103.01 *et. seq.* and 109.01 *et seq.* of the Wisconsin Statutes, and Wisconsin Administrative Code Sections DWD 272.011 *et. seq.*, 272.01 *et. seq.* 274.01 *et. seq.* ("Wisconsin Wage Payment Laws"), and states as follows:

### INTRODUCTION

1. This is a representative action brought pursuant to FLSA § 216(b) by Plaintiff on behalf of himself and all other similarly situated current and former employees of Defendant at

its Eddie Martini's Restaurant located in Wauwatosa, Wisconsin, for purposes of obtaining relief under the Fair Labor Standards Act and Wisconsin's Wage Payment Laws for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. DeRosa owns and operates a restaurant named Eddie Martini's located in Wauwatosa, Wisconsin ("Eddie Martini's"). The unlawful compensation system at issue in this Complaint affects Eddie Martini's employees who are compensated at a sub-minimum wage rate in addition to receiving tips from Eddie Martini's customers.

3. DeRosa uniformly denies minimum hourly wages and overtime premium pay to its employees by requiring them to participate in an improper and illegal tip pool, thus relinquishing Eddie Martini's ability to legally use a tip credit to meet Eddie Martini's minimum wage requirement. Defendant's deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act of 1938 in addition to violating Wisconsin's Wage Payment Laws.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Moreover, this Court has supplemental jurisdiction over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because DeRosa does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Defendant DeRosa is a foreign corporation doing business within the State of Wisconsin. Specifically, DeRosa operates a restaurant by the name of Eddie Martini's located at 8612 Watertown Plank Road, Wauwatosa, WI 53226.

8. Plaintiff is a resident and domiciled in the state of Wisconsin. Plaintiff's Notice Of Consent To Join pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

9. Plaintiff is a former DeRosa employee who worked at Eddie Martini's within the last two years from the date of filing of this Complaint, and can be generally categorized herein as a server. Plaintiff was subject to the exact same compensation scheme as other servers in DeRosa's Eddie Martini's Restaurant.

## GENERAL ALLEGATIONS

10. The unlawful compensation system at issue in the Complaint has affected DeRosa's former and present employees who are currently and have been compensated at a sub-minimum wage rate while employed at DeRosa's Eddie Martini's Restaurant. The employees who are compensated at a sub-minimum wage can be generally categorized herein as "servers."

11. Under DeRosa's compensation system, the servers are paid at a sub-minimum wage rate of $2.33 an hour.

12. The servers also receive tips from customers of Eddie Martini's for the services the servers provide those customers.

13. Defendant relies on the tips which servers receive to provide a tip credit pursuant to 29 U.S.C. §§ 203(m) and 203(t) and Wis. Stat. § 104.04.

14. Defendant requires the servers to participate in a tip pooling scheme whereby a portion of each server's tips are removed from the possession of the server and provided to other Eddie Martini's employees. Each evening, the tips each server receives are pooled and provided to Eddie Martini's management. The tips are then split among employees at the discretion of Eddie Martini's management in the tip pool. The servers, along with the other employees participating in the tip pool, receive compensation from the tip pool in their weekly paycheck. The servers are not required to sign anything to receive their paycheck.

15. The servers' participation in Defendant's tip pooling scheme is not voluntary.

16. A portion of the tips received by the servers are provided to the bus staff, to the bartenders, to the captain (when a captain is working), and to the kitchen staff under the tip pooling scheme.

17. The kitchen staff includes cooks and chefs whose primary duty is to assist in the preparation of food.

18. The kitchen staff does not have any contact with customers.

19. The kitchen staff's work is performed behind a wall and separate from where the restaurant's customers eat.

20. The kitchen staff are not "tipped employees" as defined in 29 U.S.C. §§ 203(m) and 203(t) and Wis. Stat. § 104.04.

21. The servers do not voluntarily share their tips with the kitchen staff.

22. The tip pool is facilitated by management personnel at Eddie Martini's.

23. In addition to depriving Plaintiff and others similarly situated employees of the minimum wages for all hours Plaintiff and other similarly situated employees worked, pursuant to the FLSA and Wisconsin's Wage Payment Laws, Defendant also failed to compensate

Plaintiff and others similarly situated employees for overtime earned pursuant to the FLSA and Wisconsin's Wage Payment Laws.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

24. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b) on behalf of all servers employed by DeRosa within three years prior to the filing of this action ("FLSA Collective Plaintiffs").

25. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

26. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are the same as those of the other FLSA Collective Plaintiffs.

27. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, DeRosa's practice of illegally including non-tipped employees in the servers' tip pool.

28. The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the

last address known to Defendant and by posting such notice at Defendant's location where the servers work on a regular basis.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

29. Plaintiff brings his Wisconsin minimum wage and overtime claims, pursuant to Wisconsin Wage Payment Laws, under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are, or will be employed by Defendants as servers and compensated at a sub-minimum wage rate (the "Wisconsin Class") on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

30. All said persons, including Plaintiff, are referred to herein as the "Wisconsin Class."

31. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

32. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than thirty (30) members of the Wisconsin Class.

33. Wisconsin Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein, of perpetuating an illegal and invalid tip pool and thereby failing properly pay the Wisconsin Class the minimum wage for all hours the Wisconsin Class worked and the overtime premium for all hours worked over forty hours a week pursuant to Wisconsin's Wage Payment Laws. Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

34. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented numerous plaintiffs in wage and hour cases.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36. Upon information and belief, Defendant has violated and continues to violate the Wisconsin State Law regarding payment of minimum wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

37. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from DeRosa's actions include, without limitation, the following:

    a) Whether Defendant is an "employer" within the meaning of Wisconsin Statutes;

Page 8 of 14
Case 2:08-cv-00416-PJG   Filed 05/12/08   Page 8 of 16   Document 1

b) Whether the Wisconsin Class are "employees" within the meaning of the Wisconsin Statutes;

c) Whether Defendant compensated the Wisconsin Class at a sub-minimum wage rate;

d) Whether Defendant included non-tipped employees in the tip pool;

e) Whether Defendant maintained control of the tip pool monies;

f) Whether Defendant facilitated the tip pool;

g) Whether the Wisconsin Classes participation in the tip pool was voluntary;

h) Whether Defendant's compensation policies and practices are illegal;

i) Whether Defendant has a policy and practice of willfully failing to maintain proper records with regard to the Wisconsin Class' compensation.

38. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act of 1938)

39. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, reasserts and incorporates by reference all paragraphs set forth above as if fully restated herein.

40. At all time material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

41. The individually named Plaintiff and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice in violation of the FLSA.

42. DeRosa violated the FLSA by including in its tip pool non-tipped employees and servers compensated as a sub-minimum wage.

43. Because DeRosa operated such a tip pool, DeRosa cannot use the tip-credit provided for in 29 U.S.C. 203(m) and compensate Plaintiff at a rate below the minimum wage.

44. DeRosa violated the FLSA by failing to pay plaintiff minimum wage as required by the FLSA.

45. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a) (1).

46. DeRosa was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

47. 29 U.S.C. § 203(m) is the only FLSA exemption that applies to Plaintiff. Accordingly, Plaintiff must be paid the statutory minimum wage and overtime premium pay in accordance with the FLSA.

48. DeRosa's failure to properly compensate Plaintiff was willfully perpetrated. DeRosa has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that the Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of pre-judgment interest at the applicable legal rate.

Page 10 of 14
Case 2:08-cv-00416-PJG    Filed 05/12/08    Page 10 of 16    Document 1

49. As a result of the aforesaid willful violations of the FLSA's minimum wage and overtime provisions, minimum wage and overtime compensation has been unlawfully withheld by DeRosa from Plaintiff for which DeRosa is liable pursuant to 29 U.S.C. § 216(b).

50. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because DeRosa acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

51. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
(Wisconsin State Law Claim)

52. Plaintiff, on behalf of himself and the Wisconsin Class Members, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

53. At all relevant times, the Wisconsin Class were employees within the meaning of Wis. Stat. § 109.01(1r).

54. At all relevant times, the Wisconsin Class were employees within the meaning of Wis. Stat. 104.01(2).

55. At all relevant times, DeRosa was an employer within the meaning of Wis. Stat. § 109.01(2).

56. At all relevant times, DeRosa was an employer within the meaning of Wis. Stat. § 104.01(3).

57. At all relevant times, DeRosa has employed, and continues to employ the Wisconsin Class as within the meaning of Wisconsin Statute § 109.01 *et seq* and § 104.01 *et seq.*

58. Throughout the Wisconsin Class Period, the Wisconsin Class members were compensated at a rate below the minimum wage.

59. At all relevant times, the Defendant had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay employees the minimum wage and overtime compensation by including employees in the tip pool who are not tipped employees with Wisconsin Class.

60. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment Laws.

61. Defendant willfully failed to pay Plaintiff and the Wisconsin Class all wages owed to them, in violation of Wisconsin Wage Payment Laws.

62. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff, on behalf of himself and the Wisconsin Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal to up to 50% of unpaid wages.

63. Wisconsin Plaintiff, on behalf of himself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to Wisconsin Wage Payment Laws.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former DeRosa hourly servers (working at Defendant's Eddie Martini's restaurant and being compensated at a rate bellow the minimum wage) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they compensated at a rate below the minimum wage and forced to pool their tips with non-tipped employees. Additionally, such notice will include a statement informing the similarly situated current and qualified former employees that it is illegal for DeRosa to take any actions in retaliation of their consent to join this action.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring DeRosa's actions as described in the Complaint unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring DeRosa to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid minimum wage and overtime premium wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring DeRosa to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

[the remainder of this page is intentionally left blank]

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Wisconsin and federal law.

Dated: May 7, 2008

Respectfully submitted,

Larry A. Johnson
State Bar No. 1056619

Cross Law Firm, S.C.
The Lawyers' Building
845 N. 11th Street
Milwaukee, WI 53233
(414) 224-0000 (office)
(414) 273-7055 (facsimile)

Defendant may be served at:
DeRosa Corporation, Inc.
 c/o Joseph DeRosa
7613 W. State Street
Wauwatosa, WI 53213

# *Exhibit A*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

NICHOLAS SCHNEIDER,
on behalf of himself and all
others similarly situated,

    Plaintiffs,

v.

DeROSA CORPORATION, INC.,
a Foreign Corporation

    Defendant.

CIVIL ACTION No. _____

JURY TRIAL DEMANDED

## NOTICE OF CONSENT TO JOIN

Pursuant to 29 U.S.C. § 216(b), I, Nicholas Schneider, consent to become a party plaintiff in this action.

5/07/09
DATE

_[signature]_
CLIENT SIGNATURE